MELINDA HARDY
Assistant General Counsel
Washington, DC Bar Number 431906

ERIC REICHER
Special Trial Counsel
Washington, DC Bar Number 490866

U.S. Securities and Exchange Commission
100 F Street NE
Washington, DC  20549-9613
(202) 551- 7921 (Reicher)
ReicherE@sec.gov

*Attorneys for the U.S. SEC*

LAW OFFICES OF SAMUEL KORNHAUSER
Law Offices of Samuel Kornhauser
155 Jackson Street, Suite 1807
San Francisco, California, 94111
Telephone: (415) 981-6281
CA Bar No. 83528
samuel.kornhauser@gmail.com

*Attorney for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| **NAVELLIER & ASSOCIATES, INC. AND LOUIS NAVELLIER,**<br><br>        Plaintiffs,<br><br>    vs.<br><br>**U.S. SECURITIES AND EXCHANGE COMMISSION**,<br><br>        Defendant. | Case No. 3:21-cv-00395-ART-CSD<br><br>**JOINT DISCOVERY PLAN AND SCHEDULING ORDER** |

Pursuant to the Court's Order Setting Case Management Conference, ECF 53, the Parties submit this Joint Proposed Discovery Plan and Scheduling Order.

The Defendant filed a motion to dismiss Plaintiffs' case in the entirety on sovereign immunity, *res judicata*, and other grounds. ECF 48. Plaintiffs opposed the motion, ECF 55, and Defendant submitted a reply, ECF 58. The motion to dismiss is therefore fully briefed.

The Parties agree that discovery should be stayed, but their reasons for the stay differ in part.

Plaintiff Navellier & Associates, Inc. filed for Chapter 11 bankruptcy protection on September 5, 2025, which Plaintiffs believe may have stayed further litigation in this case, including the SEC's motion to dismiss, pending an order to lift the automatic stay. Plaintiffs submit that proceedings in this case are and should be stayed pending a determination by the bankruptcy court as to whether the automatic stay of this litigation should be lifted.[1]

The Commission does not believe NAI's bankruptcy filing automatically stays this case. Subject to various exceptions, the automatic stay protects the debtor from actions *against* it. "The stay provides debtors with protection against hungry creditors and assures creditors that the debtor's other creditors are not racing to various courthouses to pursue independent remedies to drain the debtor's assets. It also provides the debtor with some breathing space so that the debtor can focus on reorganization rather than the *defense* of pending litigation." *Porter v. Nabors Drilling USA, L.P.*, 854 F.3d 1057, 1061 (9th Cir. 2017) (italics added) (citations omitted). Here, NAI, the debtor, is one of the *plaintiffs* and it needs no protection from hungry creditors. The

---

[1] Plaintiffs have not filed for such relief in the bankruptcy court. The Commission's position is that if Plaintiffs believe this case should be stayed, they should file a motion in either this Court or the bankruptcy court; a Joint Discovery Plan is not the appropriate mechanism to seek such a stay.

Commission's *defense* of this lawsuit does not represent a race to the courthouse to capture NAI's assets.[2]

Although the Parties disagree on what impact, if any, NAI's bankruptcy has on the present case, the Parties agree that if either the Court determines this case is not stayed by the bankruptcy proceeding or if the bankruptcy stay is lifted, discovery and initial disclosures should be stayed pending resolution of the pending motion to dismiss, which argues (among other things) that sovereign immunity has not been waived. If the motion is granted, there would be no need for discovery. The Parties propose that if the Court denies the motion to dismiss, they will submit a joint discovery plan and scheduling order no later than two weeks after the Court denies the motion to dismiss.

Respectfully submitted this 21st day of January, 2026.

MELINDA HARDY
ERIC REICHER


/s/ Eric Reicher
Eric Reicher
Special Trial Counsel
U.S. Securities and Exchange Commission

SAMUEL KORNHAUSER

/s/ Samuel Kornhauser
Samuel Kornhauser

Counsel for Plaintiffs

IT IS SO ORDERED.

DATED:  January 21, 2026.

_____
Craig S. Denney
United States Magistrate Judge

_____

[2] Whether using debtor assets to fund this litigation is appropriate, particularly since the debtor has neither sought nor obtained permission from the bankruptcy court to retain counsel for this litigation pursuant to 11 U.S.C. § 327, is a separate question.

3